UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MONTE FREIRE | : |
| Plaintiff | : |
| v. | : |
| INDEMNITY INSURANCE CORPORATION, Rrg and JEFFREY B. COHEN | : |
| Defendants | : NOVEMBER 12, 2013 |

## COMPLAINT

## PARTIES

1. The plaintiff is Monte Freire is a resident of Nashua, New Hampshire.

2. The defendant Indemnity Insurance Corporation, Rrg ("Indemnity") is a Delaware Corporation with a principal place of business in Sparks, MD. At all pertinent times mentioned herein Indemnity was in the business of selling policies of insurance in the State of Connecticut including commercial lines insurance policies.

3. At all times mentioned herein Jeffrey B. Cohen ("Cohen") was the President and majority shareholder of Indemnity and a resident of the State of Maryland.

## JURISDICTION AND VENUE

4. Jurisdiction in this case is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) (1). The amount in controversy exceeds seventy-five thousand ($75,000.00) dollars. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

4. Chowder Pot III, LTD. ("Chowder Pot") is and was at all pertinent times mentioned herein a Connecticut corporation with a principal place of business in Branford, Connecticut that owned and operated a restaurant and bar in Branford, Connecticut known as the Chowder Pot III.

5. At all times relevant to this action the defendant Indemnity transacted business in the State of Connecticut as a commercial lines or surplus lines insurance company.

6. At all pertinent times mentioned herein the Chowder Pot was insured under a commercial lines policy of insurance issued by the defendant Indemnity bearing policy number 6001394. Said policy was at all times mentioned herein in full force and effect.

7. The said policy of insurance was made and accepted in Connecticut and covered the insured for occurrences arising out of its business activities at the Chowder Pot.

8. At all pertinent times mentioned herein the defendant Cohen managed and controlled the business of collecting premiums, assessing policyholder risk, evaluating and adjusting claims and managed all financial transactions of Indemnity. He completely dominated the finances, policies and business practices of Indemnity. He used Indemnity as an instrumentality for his own personal and financial gain to the detriment of Indemnity's policyholders including the Chowder Pot.

9. On or about October 2, 2010 the plaintiff was a patron and business invitee in the Chowder Pot when he sustained serious and permanent injuries as a result as a

consequence of the negligent acts, errors and/or omissions of or by agents and/or employees of the defendant's insured, U.S.S. Chowder Pot III, LTD.

10. The plaintiff commenced an action in the Superior Court for the Judicial District of New Haven entitled <u>Monte Freire v. Jonathan Smith and the U.S.S. Chowder Pot III. Ltd</u>, bearing docket number NNH-CV-11-6022357S. The plaintiff subsequently withdrew his claims against Jonathan Smith, leaving the corporate entity and employer U.S.S. Chowder Pot III as the only remaining defendant.

11. Before the trial the plaintiff filed a timely offer of compromise in the Superior Court offering to settle all claims as to both defendants for a total of one million dollars ($1,000,000.00), which sum was within the policy limits of said policy of insurance.

12. The defendants Indemnity and Cohen were informed of this offer of compromise in writing by counsel for the Chowder Pot, its insured, yet elected to ignore this offer.

13. On June 27, 2013, a jury after trial rendered a verdict against the Chowder Pot and in favor of the plaintiff in the amount of 4,326,586.00. Thereafter, on September 12, 2013 the Superior Court for the Judicial District of New Haven, acting by Young, J. entered judgment in favor of the plaintiff against the defendant's insured in the amount of $4,135,673.66, subject to additional interest, costs and fees.

14. Despite being given numerous opportunities to participate in settlement discussions the defendant Indemnity ignored its policyholder and chose to extend no offer and maintained a no pay position. By so doing the defendant abandoned its insured to the detriment of the insured and the plaintiff herein.

15. Private counsel for the Chowder Pot communicated with the defendant Indemnity in writing requesting and in fact imploring the defendant to attempt to settle the underlying matter within the policy limits. Indemnity chose to ignore these requests.

16. Privately retained counsel for the Chowder Pot notified Indemnity that an adverse judgment would damage its business and that failure to negotiate a settlement within the policy limits exposed the Chowder Pot to great financial risk.

17. Privately retained counsel for the Chowder Pot notified the defendant in writing that the defendant's failure to attempt to settle the case within the policy limits was under the circumstances a breach of its contract to insure the Chowder Pot.

18. Privately retained counsel for the Chowder Pot notified the defendant that its failure to even attempt to negotiate a resolution of this matter within the applicable policy limits was a breach of its covenant of good faith and fair dealing.

19. The conduct of Indemnity through it's agents servants and/or employees is part of a pattern and practice adopted by Cohen and Indemnity in order to avoid Indemnity's contractual responsibility and obligation to indemnify it's policy holders and protect them from financial loss and damage.

20. The defendant Cohen intentionally, unlawfully and dishonestly agreed and conspired with Indemnity through its agents, to mismanage the business of Indemnity for his own financial gain, to the detriment of it's policyholders including Chowder Pot. He and his co-conspirators, agents of Indemnity designed and implemented a scheme to mismanage and exploit the business to the financial peril and detriment Indemnity policyholders.

21. In furtherance of their scheme, the defendants through their agents and employees willfully adopted and implemented a pattern, practice of failing to properly assess, evaluate and adjust claims against it's policyholders including the Chowder Pot, and they willfully failed to protect the interests of policyholders including the Chowder Pot. They did so in order to avoid Indemnity's contractual obligations.

22. In furtherance of a pattern, practice and scheme, the defendants through their agents and employees failed to adequately and reasonably assess and adjust individual claims submitted by policyholders including the claim commenced by Monte Freire to the detriment of its insured the Chowder Pot.

23. The defendants through their agents and employees failed to take reasonable measures to protect the financial interests of its policyholder the Chowder Pot to its financial detriment.

24. The defendants Cohen and Indemnity intentionally and willfully engaged in a pattern and practice of collecting premiums from its insured policyholders including the Chowder Pot in consideration for its agreement to defend and indemnify them when it intended to evade, avoid and default on its obligations to its policyholders.

25. As a result of the conduct of the defendant, it's insured the Chowder Pot has suffered financial loss and damage and including but not limited to the judgment as stated herein.

26. More than Thirty (30) days have passed since the entry of judgment and the plaintiff has not recovered payment.

**FIRST CAUSE OF ACTION (Breach of Contract – General Statutes § 38a-321 as to Indemnity)**

27. Paragraphs 1-26 are hereby incorporated and re-alleged as if fully set forth herein.

28. The defendant violated covenants and promises in the said policy of insurance express and implied to act in good faith for the benefit of its policyholder the Chowder Pot.

29. Defendant is liable to satisfy the plaintiff's judgment, including all post-judgment interest and costs, based on its bad faith and/or negligent insurance practices in violation of the covenants and promises, express and implied in said policy of insurance as a result of its negligent or bad faith claims handling and investigative practices during the pendency of the underlying action, and its negligent or bad faith failure to settle the underlying action within the insured's policy limits when it had a reasonable opportunity to do so.

30. Pursuant to the defendant's respective insurance policies, the defendant is liable to the plaintiff for his judgment, any and all supplemental payments and post-judgment interest.

**SECOND CAUSE OF ACTION (Negligence and Bad Faith – General Statutes § 38a-321 as to Indemnity and Cohen):**

31. Paragraphs 1-26 are hereby incorporated and re-alleged as if fully set forth herein.

32. Defendant is liable to satisfy the plaintiff's judgment, including all post-judgment interest and costs, based on its bad faith and/or negligent insurance practices

in violation of General Statutes § 38a-321 through its negligent or bad faith claims handling and investigative practices during the pendency of the underlying action, and its negligent or bad faith failure to settle the underlying action within the insured's policy limits when it had a reasonable opportunity to do so.

33. This action is brought pursuant to General Statutes § 38a-321.

## THIRD CAUSE OF ACTION (violation of CUIPA CUTPA, General Statutes § 42-110b *et. seq.* as to Indemnity and Cohen)

34. Paragraphs 1-26 are hereby incorporated and re-alleged as if fully set forth herein.

35. The defendants' actions and business practices described herein are immoral, unscrupulous and/or in violation of public policy as evidence by General Statutes § 38a-321 and amount to a violation of CUIPA, General Statutes § 38a-815 *et seq.*, due to its general business practice of violating General Statutes § 38a-321; all actionable under CUTPA, General Statutes § 42-110b,

*et seq.*

## FOURTH CAUSE OF ACTION (FRAUD AS TO COHEN)

36. Paragraphs 1-26 are hereby incorporated and re-alleged as if fully set forth herein.

37. The defendant Cohen individually and through his agents and co-conspirators willfully, knowingly and intentionally made false representations including, but not limited to public advertising to potential policyholders including the Chowder Pot

and it's agents that it would provide policyholder with an innovative insurance policy product and protect the interests of policyholders and indemnify them for liabilities incurred in connection with their business operations.

38. The defendant Cohen through his agents willfully intentionally and falsely represented to the Chowder Pot and it's agents that Indemnity would indemnify The Chowder Pot for liabilities incurred as a result of the negligence of its employees on the premises even in instances where the liability was incurred as a result of the assaultive conduct of patrons on its premises.

39. The defendant and or his agents willfully misrepresented that Indemnity would in good faith adjust and evaluate claims made against the Chowder Pot

40. The defendant through Indemnity, which entity he completely controlled and dominated intentionally avoided Indemnity's obligations pursuant to the aforementioned policy of insurance.

41. The defendant's intentional misrepresentations were made to induce the Chowder Pot through it's agents to pay policy premiums.

42. Agents and employees of the Chowder Pot reasonably relied on the representations of Cohen, his agents and co-conspirators in purchasing insurance coverage from indemnity.

43. As a result of the intentional fraudulent misrepresentations of Cohen, his agents and/or co-conspirators, the Chowder Pot was caused to suffer the adverse judgment set forth herein to its financial detriment.

44. The defendant Cohen used his complete domination and control of the finances and business practices of Indemnity to defraud the Chowder Pot.

45. The defendant Cohen is liable to plaintiff for the fraud perpetrated on the Chowder Pot.

## FIFTH CAUSE OF ACTION (Conspiracy to commit fraud as to Cohen and Indemnity)

46. Paragraphs 1-26 are herby incorporated and re-alleged as if fully set forth herein.

47. Defendant Cohen and his co-conspirators, agents of Indemnity unlawfully agreed to defraud policyholders including the Chowder Pot.

48. The defendant Cohen individually and through his agents and co-conspirators willfully, knowingly and intentionally made false representations including, but not limited to public advertising to potential policyholders including the Chowder Pot and it's agents that it would provide policyholder with an innovative insurance policy product and protect the interests of policyholders and indemnify them for liabilities incurred in connection with their business operations.

49. In furtherance of the conspiracy the defendant Cohen through his agents willfully intentionally and falsely represented to the Chowder Pot and it's agents that Indemnity would indemnify The Chowder Pot for liabilities incurred as a result of the negligence of its employees on the premises even in instances where the liability was incurred as a result of the assaultive conduct of patrons on its premises.

50. In furtherance of the conspiracy the defendant and or his agents willfully misrepresented that Indemnity would in good faith adjust and evaluate claims made against the Chowder Pot

51. In furtherance of the conspiracy defendant Cohen and his conspirators, agents of Indemnity, which entity he completely controlled and dominated intentionally avoided Indemnity's obligations pursuant to the aforementioned policy of insurance and intentionally acted in bad faith when adjusting and evaluating the Freire claim as part of a pattern, practice and scheme to defraud policyholders.

52. The defendant's intentional misrepresentations were made to induce the Chowder Pot through it's agents to pay policy premiums.

53. Agents and employees of the Chowder Pot reasonably relied on the representations of Cohen, his agents and co-conspirators in purchasing insurance coverage from indemnity.

54. As a result of the intentional fraudulent misrepresentations of Cohen, his agents and/or co-conspirators, the Chowder Pot was caused to suffer the adverse judgment set forth herein to its financial detriment.

55. The defendant Cohen and his co-conspirator Indemnity, through its agents and/or employees used his complete domination and control of the finances and business practices of Indemnity to defraud the Chowder Pot and other policyholders while diverting company funds for his own benefit and failing protect the interests of policyholders.

56. The defendants Cohen and Indemnity through its agents and employees agreed and conspired to intentionally misrepresent to policyholders including Chowder Pot that Indemnity would in good faith defend and indemnify Chowder Pot in consideration for payment of policy premiums.

57. The defendants are jointly and severally liable to the plaintiff for the conspiracy perpetrated on Indemnity policyholders including the Chowder Pot.

## PRAYER FOR RELIEF

**WHEREFORE, the plaintiff claims the following damages from the defendants, exceeding $75,000:**

1. **Monetary damages;**
2. **Punitive damages; and,**
3. **All other appropriate relief.**

## JURY DEMAND

The plaintiff demands trial by jury on all claims.

THE PLAINTIFF,
MONTY FREIRE

BY _____
TIMOTHY POTHIN
STRATTON FAXON
Trial Lawyers, LLC
59 Elm Street
New Haven, CT 06510
Tel (203) 624-9500
Fax (203) 624-9100
Federal Bar: ct02744
tpothin@strattonfaxon.com