UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MONTE FREIRE | : |
| Plaintiff | : Case No: 3:13-cv-01677 (RNC) |
| v. | : |
| INDEMNITY INSURANCE CORPORATION, Rrg and JEFFREY B. COHEN | : |
| Defendants | : January 8, 2014 |

## AMENDED COMPLAINT

## PARTIES

1. The plaintiff is Monte Freire is a resident of Nashua, New Hampshire.

2. The defendant Indemnity Insurance Corporation, Rrg ("Indemnity") is a Delaware Corporation with a principal place of business in Sparks, MD. At all pertinent times mentioned herein Indemnity was in the business of selling policies of insurance in the State of Connecticut including commercial lines insurance policies.

3. At all times mentioned herein Jeffrey B. Cohen ("Cohen") was the President and majority shareholder of Indemnity and a resident of the State of Maryland.

## JURISDICTION AND VENUE

4. Jurisdiction in this case is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) (1). The amount in controversy exceeds seventy-five thousand ($75,000.00) dollars. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391.

1

## STATEMENT OF FACTS

5.  U.S.S. Chowder Pot III, LTD. ("Chowder Pot") is and was at all pertinent times mentioned herein a Connecticut Corporation with a principal place of business in Branford, Connecticut that owned and operated a restaurant and bar in Branford, Connecticut known as the Chowder Pot III.

6.  At all times relevant to this action the defendant Indemnity transacted business in the State of Connecticut as a commercial lines or surplus lines insurance company.

7.  At all pertinent times mentioned herein the Chowder Pot was insured under a commercial lines policy of insurance issued by the defendant Indemnity bearing policy number  6001394. Said policy was at all times mentioned herein in full force and effect.

8.  The said policy of insurance was made and accepted in Connecticut and covered the insured for occurrences arising out of its business activities at the Chowder Pot Restaurant.

9.  At all pertinent times mentioned herein the defendant Cohen managed and controlled the business of collecting premiums, assessing policyholder risk, evaluating and adjusting claims and managed all financial transactions of Indemnity. He also dominated the finances, policies and business practices of Indemnity.

10.  Defendant Cohen owned 0ver 90% of the equity in Indemnity, and used Indemnity as an instrumentality for his own personal and financial gain. Indemnity and Cohen were at all pertinent times mentioned herein acting in a partnership for profit, carrying on the business of selling policies of insurance that included agreeing to perform the obligations of Indemnity to its policyholders.

2

11. The defendants Indemnity and Cohen operated Indemnity as a partnership for profit and carried on the business of writing insurance policies through Indemnity and collecting premiums, adjusting and evaluating claims, and managing the financial affairs of Indemnity. Cohen was at all pertinent times authorized to act as an agent for Indemnity and Indemnity through its employees acted as Cohen's agent.

12. On or about October 2, 2010 the plaintiff was a patron and business invitee in the Chowder Pot when he sustained serious and permanent injuries as a direct and proximate result of the negligent acts, errors and/or omissions of or by agents and/or employees of the defendant's insured, U.S.S. Chowder Pot III, LTD.

13. The plaintiff commenced an action in the Superior Court for the Judicial District of New Haven entitled Monte Freire v. Jonathan Smith and the U.S.S. Chowder Pot III. Ltd, bearing docket number NNH-CV-11-6022357S. The plaintiff subsequently withdrew his claims against Jonathan Smith, leaving the corporate entity and employer U.S.S. Chowder Pot III as the only remaining defendant.

14. Before the trial the plaintiff filed a timely offer of compromise in the Superior Court offering to settle all claims as to both defendants for a total of one million dollars ($1,000,000.00), which sum was within the policy limits of said policy of insurance.

15. The defendants Indemnity and Cohen were informed of this offer of compromise in writing by counsel for the Chowder Pot, its insured, yet elected to ignore this offer.

16. On June 27, 2013, a jury after trial rendered a verdict against the Chowder Pot and in favor of the plaintiff in the amount of $4,326,586.00. Thereafter, on September 12, 2013 the Superior Court for the Judicial District of New Haven, acting by

Young, J. entered judgment in favor of the plaintiff against the defendant's insured in the amount of $4,135,673.66, subject to additional interest, costs and fees.

17.  Despite being given numerous opportunities to participate in settlement discussions the defendant Indemnity and defendant Cohen ignored Indemnity's obligation to its policyholder and chose to extend no offer and maintained a no pay position. By so doing the defendant abandoned its insured to the detriment of the insured and the plaintiff herein.

18.  Private counsel for the Chowder Pot communicated with the defendant Indemnity and insurance counsel retained by Indemnity verbally and in writing requesting and in fact imploring the defendant to attempt to settle the underlying matter within the policy limits. Indemnity and/or Cohen chose to ignore these requests.

19.  Privately retained counsel for the Chowder Pot notified Indemnity that an adverse judgment would damage its business and that failure to negotiate a settlement within the policy limits exposed the Chowder Pot to great financial risk.

20.  Privately retained counsel for the Chowder Pot notified the defendant Indemnity in writing that the defendant's failure to attempt to settle the case within the policy limits was under the circumstances a breach of its contract to insure the Chowder Pot.

21.  Privately retained counsel for the Chowder Pot notified the defendant Indemnity that its failure to even attempt to negotiate a resolution of this matter within the applicable policy limits was a breach of its covenant of good faith and fair dealing

4

22. Indemnity, Cohen and their agents and/or employees represented to Indemnity policyholder the Chowder Pot that Indemnity would properly defend and Indemnify it for damages caused by the negligence of Chowder Pot employees.

23. The defendants Cohen and Indemnity through it's agents and /or employees entered into a joint venture as part of their  partnership mismanaging the business of Indemnity to the detriment of Indemnity's policyholders including Chowder Pot.

24. The defendants Indemnity and/or Cohen agreed and entered into a joint venture through which each defendant contributed its efforts and resources through their respective agents and employees and adopted and implemented a pattern and practice of failing to properly assess, evaluate and adjust claims against it's policyholders including the Chowder Pot, and they failed to protect the interests of policyholders including the Chowder Pot while continuing to collect policy premiums. They did so in order to avoid Indemnity's contractual obligations.

25. The defendants Indemnity and Cohen through their agents and employees as part of their joint venture failed to reasonably evaluate the Freire claim when they knew or should have known that a failure to attempt to settle the claim within the policy limits placed policyholder Chowder Pot at great financial risk.

26. The defendant Indemnity through it's agents and employees failed to adequately and reasonably assess and adjust individual claims submitted by policyholders including the claim commenced by Monte Freire to the detriment of its insured the Chowder Pot.

5

27.  The defendant Indemnity through its agents and employees failed to take reasonable measures to protect the financial interests of its policyholder the Chowder Pot to its financial detriment.

28.  The defendants engaged in a pattern and practice of collecting premiums from its insured policyholders including the Chowder Pot in consideration for its agreement to defend and indemnify them and then evaded, avoided and defaulted on Indemnity's obligations to its policyholders.

29.  As a result of the conduct of the defendant Indemnity through its agents and/or employees including Cohen it's insured the Chowder Pot has suffered financial loss and damage and including but not limited to the judgment as stated herein.

30.  More than Thirty (30) days have passed since the entry of judgment and the plaintiff has not recovered payment.

## FIRST CAUSE OF ACTION (BREACH OF CONTRACT – GENERAL STATUTES § 38A-321 AS TO INDEMNITY):

31.  Paragraphs 1-30 are hereby incorporated and re-alleged as if fully set forth herein.

32.  The defendant violated covenants and promises in the said policy of insurance express and implied to act in good faith for the benefit of its policyholder the Chowder Pot and properly assess and defend claims against the said policy of insurance.

33.  Defendant Indemnity is liable to satisfy the plaintiff's judgment, including all post-judgment interest and costs, based on its bad faith and/or negligent insurance practices in violation of the covenants and promises, express and implied in said policy

of insurance as a result of its negligent or bad faith claims handling and investigative practices during the pendency of the underlying action, and its negligent or bad faith failure to settle the underlying action within the insured's policy limits when it had a reasonable opportunity to do so.

34. Pursuant to the said insurance policy, the defendant is liable to the plaintiff for his judgment, any and all supplemental payments and post-judgment interest.

## SECOND CAUSE OF ACTION ( BAD FAITH – GENERAL STATUTES § 38A-321 AS TO INDEMNITY):

35. Paragraphs 1-30 are hereby incorporated and re-alleged as if fully set forth herein.

36. Defendant Indemnity is liable to satisfy the plaintiff's judgment, including all post-judgment interest and costs, based on its bad faith and/or negligent insurance practices in violation of General Statutes § 38a-321 through its negligent or bad faith claims handling and investigative practices during the pendency of the underlying action, and its negligent or bad faith failure to settle the underlying action within the insured's policy limits when it had a reasonable opportunity to do so.

37. This action is brought pursuant to General Statutes § 38a-321.

## THIRD CAUSE OF ACTION ( BAD FAITH- GENERAL STATUTES §38a-321 AS TO COHEN):

38. Paragraphs 1-30 are hereby incorporated and re-alleged as if fully set forth herein.

7

39. Defendant Cohen who managed the affairs of Indemnity and carried on a partnership and/or joint venture with the company for profit is liable to satisfy the plaintiff's judgment, including all post-judgment interest and costs, based on its bad faith and/or negligent insurance practices in violation of General Statutes § 38a-321 through its negligent or bad faith claims handling and investigative practices during the pendency of the underlying action, and its negligent or bad faith failure to settle the underlying action within the insured's policy limits when it had a reasonable opportunity to do so.

40. This claim is also brought pursuant to General Statutes § 38a-321.

41. As a result of the conduct of Cohen as a partner, agent and/or acting in a joint venture with Indemnity the Chowder Pot sustained an adverse judgment and suffered financial loss and damage.

**FOURTH CAUSE OF ACTION** (NEGLIGENCE §38A-321- INDEMNITY):

42. Paragraphs 1-30 are hereby incorporated and re-alleged as if fully set forth herein.

43. The defendant Indemnity through its agents and employees had a duty to reasonably and properly evaluate and adjust claims and defend claims made against it's policyholders including the Chowder Pot to and to avoid exposing it to unreasonable financial risk.

44. The defendant Indemnity through its agents and/or employees failed to take reasonable measures to evaluate and adjust the Freire claim when they knew or should

8

have known that a failure to attempt to resolve the claim within the policy limits exposed the policyholder Chowder Pot to great financial risk.

45. The defendant Indemnity negligently engaged in a pattern and practice of failing to reasonably and properly evaluate and adjust claims, including the Freire claim to the financial detriment of the Chowder Potand causing it great financial loss and damage.

## FIFTH CAUSE OF ACTION ( NEGLIGENCE §38A-321 – COHEN):

46. Paragraphs 1-30 are hereby incorporated and re-alleged as if fully set forth herein.

47. The defendant Cohen carrying on a partnership and/or acting in a joint venture with Indemnity had a duty to reasonably and properly evaluate and adjust claims made against its policyholders including the Chowder Pot to and to avoid exposing it to unreasonable financial risk.

48. The defendant Cohen in his partnership and/or joint venture with Indemnity individually and through agents and/or employees of Indemnity failed to take reasonable measures to evaluate and adjust the Freire claim when he knew or should have known that a failure to attempt to resolve the claim within the policy limits exposed the policyholder Chowder Pot to great financial risk and caused the Chowder Pot to sustain financial loss and damage.

49.      The defendant Cohen in a joint venture with Indemnity individually and through Indemnity agents and/or employees negligently engaged in a pattern and practice of failing to reasonably and properly evaluate and adjust claims, including the

9

Freire claim to the financial detriment of the Chowder Pot, causing the Chowder Pot to sustain financial loss and damage.

**SIXTH CAUSE OF ACTION (VIOLATION OF CUIPA CUTPA, GENERAL STATUTES § 42-110B *ET. SEQ.* AS TO INDEMNITY):**

50.  Paragraphs 1-30 are hereby incorporated and re-alleged as if fully set forth herein.

51.  Defendant Indemnity carried on and engaged in the business practices described herein to the financial detriment Chowder Pot that were immoral, unscrupulous and/or in violation of public policy as evidence by General Statutes § 38a-321 and amount to a violation of CUIPA, General Statutes § 38a-815 *et seq.*, due to its general business practice of violating General Statutes § 38a-321; all actionable under CUTPA, General Statutes § 42-110b,

*et seq.*

**SEVENTH CAUSE OF ACTION  (VIOLATION OF CUIPA CUTPA, GENERAL STATUTES § 42-110B *ET. SEQ.* AS TO COHEN):**

52. Paragraphs 1-30 are hereby incorporated and re-alleged as if fully set forth herein.

53.  Defendant Cohen who managed the affairs of  Indemnity, carried on a joint venture with Indemnity for profit and individually carried on and engaged in the business practices described herein to the financial detriment Chowder Pot that were immoral, unscrupulous and/or in violation of public policy as evidence by General Statutes § 38a-

10

321 and amounted to a violation of CUIPA, General Statutes § 38a-815 *et seq.*, due to its general business practice of violating General Statutes § 38a-321; all actionable under CUTPA, General Statutes § 42-110b, *et seq.* As a result of the conduct of Cohen acting in his joint venture with Indemnity the Chowder Pot sustained financial loss and damage.

## PRAYER FOR RELIEF

**WHEREFORE, the plaintiff claims the following damages from the defendants,**

**exceeding $75,000:**

1.  **Monetary damages;**
2.  **Punitive damages; and,**
3.  **All other appropriate relief.**

## JURY DEMAND

The plaintiff demands trial by jury on all claims.

THE PLAINTIFF,
MONTY FREIRE

BY _____/s/_____
      TIMOTHY POTHIN
      STRATTON FAXON
      Trial Lawyers, LLC
      59 Elm Street
      New Haven, CT 06510
      Tel (203) 624-9500
      Fax (203) 624-9100
      Federal Bar: ct02744
      tpothin@strattonfaxon.com

## CERTIFICATION

I hereby certify that on January 8, 2014 the foregoing Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/
Timothy Pothin (ct02744)